[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 3, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-15002
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 07-01833-CV-T-24-MSS

EURYIA D. MOBLEY,

Plaintiff-Appellant,

versus

MARK MANAHUGH, Tampa Police Officer,
MICHAEL SPIRES, Tampa Police Officer.
a. k. a. Michael Spears,
in their individual and official capacities,

Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(September 3, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Euryia Diablo Mobley, proceeding pro se, appeals the

sua sponte dismissal of his 42 U.S.C. § 1983 complaint. Because the district court,

in dismissing Plaintiff's action in deference to a pending state-court claim, seemingly did not consider the required factors; impermissibly dismissed on the basis of judicial economy; and did not apply the presumption in favor of a federal court retaining jurisdiction, we vacate the dismissal and remand.

Plaintiff filed a 42 U.S.C. § 1983 complaint alleging that defendant police officers Mark Manahugh and Michael Spires had executed an unconstitutional search and seizure against him and had engaged in malicious prosecution. Plaintiff notified the district court that he had a pending lawsuit in state court on the same or similar facts.

The district court dismissed Plaintiff's complaint sua sponte. The court stated, "Because plaintiff may obtain the relief he seeks in his [state court] suit, this Court, in the interest of judicial economy, declines to address Plaintiff's claims at this time."

We review a district court's dismissal of a federal action in deference to a pending state action for an abuse of discretion. American Bankers Ins. Co. of Fla. v. First State Ins. Co., 891 F2d 882, 884 (11th Cir. 1990).

"[A] federal court may dismiss an action because of parallel state court litigation only under exceptional circumstances. Indeed, only the clearest of justifications will warrant dismissal." Id. (internal citations and quotations

2

omitted) (emphasis added). "The test for determining when exceptional circumstances exist . . . involves the careful balancing of six factors. The weight to be given any one factor may vary greatly depending on the case; however, the balance is 'heavily weighted' in favor of the federal court exercising jurisdiction." Id.[1]

The district court here abused its discretion in declining to exercise its jurisdiction and dismissing Plaintiff's action. See id. at 885 (reversing where district court failed to give sufficient regard to the presumption in favor of exercising jurisdiction). The district court seemingly weighed none of the six factors nor gave sufficient regard to the presumption in favor of exercising jurisdiction. The district court's reliance on judicial economy to justify its dismissal is also not sufficient. See id. at 886 ("A federal court cannot properly decline to exercise its statutory jurisdiction . . . simply because judicial economy might be served by deferring to a state court.").

VACATED and REMANDED.

---

[1] These are the six factors: "(1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; . . . (4) the order in which the forums obtained jurisdiction[;] . . . (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights." American Bankers, 891 F.2d at 884 (citing Colorado River Water Conserv. Dist. v. United States, 96 S.Ct. 1236 (1976) and Moses H. Cone Memorial Hosp. v. Mercury Constr., 103 S.Ct. 927 (1983)).